IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Koruszko,                         :
                          Petitioner     :
                                         :
              v.                         :    No. 1504 C.D. 2024
                                         :    Submitted:  February 3, 2026
Unemployment Compensation Board          :
of Review,                               :
                          Respondent     :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STELLA M. TSAI, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  April 8, 2026

        Ronald Koruszko (Claimant), pro se, petitions for review of an Order of the
Unemployment Compensation (UC) Board of Review (Board), which affirmed a
decision by a Referee, determining Claimant was eligible for Pandemic
Unemployment Assistance (PUA) benefits for a weekly benefit amount (WBA) of
$324.[1]  Claimant challenges the WBA calculation and argues he provided the income

---

[1] The Order also indicated that Claimant had a $10,800 non-fraud PUA overpayment.
Overpayments are subject to separate determinations.  While it appears Claimant may have filed
an appeal of the overpayment to the Referee (Appeal No. 2021015482-AT) and Board (Board
Appeal No. 2022006194-BR), (Certified Record at 70-71, 158), the Petition for Review filed in
this matter only identifies it is an appeal of the Board's Order at docket No. 2023004582-BR,
which was appealing the Referee's decision at Appeal No. 2021017787-AT, relating to
Determination No. 7830976, the Monetary Redetermination.

documentation the Department of Labor and Industry (Department) requested and he acted in good faith reliance upon its instructions. Upon review, we are constrained to affirm.

At the start of the COVID-19 pandemic, Claimant, a self-employed real estate agent, filed an application seeking PUA benefits. (Board's Findings of Fact (FOF) ¶ 1.) Based upon a self-certified income of $55,000, a UC Service Center issued a Monetary Determination finding Claimant's WBA to be $540. (Certified Record (C.R.) at 11, 13, 83; FOF ¶¶ 2-3.) The Department subsequently sought additional income information and adjusted the WBA to $195 after Claimant did not provide the documentation. (C.R. at 24-25; FOF ¶¶ 4-5.)

Thereafter, Claimant submitted additional income information and appealed the redetermination. (C.R. at 28-46; FOF ¶¶ 7, 9.) Following a telephone hearing at which Claimant and his wife testified, the Referee issued a decision finding Claimant's WBA to be $324, which was determined based upon Claimant's net income of $32,892 during the base year, as reflected on Claimant's 2019 Schedule C. (C.R. at 88-97; FOF ¶¶ 8, 10.) Claimant appealed to the Board, which affirmed in its September 11, 2024 Order. (C.R. at 195-202.)

Claimant now seeks review before this Court,[2] arguing he provided the information requested by the Department and relied upon its determination, which it changed more than a year later, resulting in an overpayment. (Claimant's Brief (Br.) at 5-7.) The Board responds the PUA benefits are based on net income, not gross income. (Board's Br. at 5-7, 9.) The Board explains that while individuals were

---

[2] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

permitted to self-certify initially, the Department was required to obtain additional information to redetermine the WBA. (*Id.* at 7-8.) Based upon Claimant's Schedule C for 2019, Claimant's net income was $32,982. Therefore, his WBA was correctly determined to be $324.

Section 2102(b) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (Cares Act) provides PUA may be provided to any "covered individual" while he or she is unemployed or unable to work due to COVID-19, during the weeks in which the individual is not entitled to any other unemployment compensation. 15 U.S.C. § 9021(b). A "covered individual" includes an individual who is not eligible for regular UC benefits and who provides self-certification he or she is self-employed. *Id.* § 9021(a)(3). It is undisputed that Claimant was self-employed and, therefore, a covered individual entitled to PUA benefits. The sole issue is the WBA of those benefits.

Section 2102(d)(2) of the Cares Act, 15 U.S.C. § 9021(d)(2), provides that the amount of PUA for self-employed individuals "shall be calculated in accordance with section 625.6 of title 20, Code of Federal Regulations," 20 C.F.R. § 625.6 (the regulation). The regulation, in turn, explains that

> [i]n all States, . . . the amount of [Disaster Unemployment Assistance (DUA)[3]] payable to an unemployed worker or unemployed self-employed individual for a week of total unemployment shall be the weekly amount of compensation the individual would have been paid as regular compensation, as computed under the provisions of the applicable State law for a week of total unemployment. In no event shall such amount be in excess of the maximum amount of regular compensation authorized under the applicable State law for that week.

---

[3] PUA is a form of DUA.

20 C.F.R. § 625.6(a). Here, Section 404(e)(1) of the Unemployment Compensation Law (UC Law), 43 P.S. § 804(e)(1),[4] sets forth a relevant benefits chart. For self-employed claimants, "[t]he self-employment income to be treated as wages for purposes of computing the weekly amount . . . shall be the **net income** reported on the tax return of the individual as income from all self-employment that was dependent upon the performance of services by the individual." 20 C.F.R. § 625.6(a)(2) (emphasis added). The regulation further dictates how the Department initially shall determine the WBA:

> The State agency shall **immediately determine**, upon the filing of an initial application for DUA, a weekly amount . . . **based on the individual's statement of employment or self-employment** preceding the individual's unemployment that was a direct result of the major disaster, and wages earned or paid for such employment or self-employment. An immediate determination of a weekly amount shall also be made where, in conjunction with the filing of an initial application for DUA, the individual submits documentation substantiating employment or self-employment and wages earned or paid for such employment or self-employment, or, in the absence of documentation, where any State agency records of employment or self-employment and wages earned or paid for such employment or self-employment, justify the determination of a weekly amount.

*Id.* § 625.6(e) (emphasis added). However, if the WBA is initially calculated solely "on the individual's statement of earnings, the individual shall furnish documentation to substantiate the employment or self-employment or wages earned from or paid for such employment or self-employment . . . within 21 calendar days of the filing of the initial application for DUA." *Id.* § 625.6(e)(1). "If an individual submits documentation to substantiate employment or self-employment in accordance with paragraph (e)(1), but not documentation of wages earned or paid

---

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(e)(1).

during the base period," the regulation provides "the State agency shall immediately redetermine the weekly amount of DUA payable to the individual in accordance with paragraph (b) of this section." *Id.* § 625.6(e)(3). Even in such instance, a claimant "may submit necessary documentation to substantiate wages earned or paid during the base period . . . at any time prior to the end of the disaster assistance period." *Id.* § 625.6(e)(4). The state agency must then redetermine WBA based on the information provided. *Id.*

This procedure is outlined in the initial Monetary Determination from May 11, 2020, which advised Claimant that redeterminations were possible:

> If you filed your PUA claim based <u>only</u> on your certification of credit weeks and/or wage documentation, you must submit sufficient documentation of employment/self-employment within 21 days of your initial application. If sufficient documentation is not received within 21 calendar days, your PUA WBA will be redetermined. If the redetermined amount is less than the original PUA WBA and you received payments of PUA for any weeks of unemployment prior to the date of the redetermination, a determination will be issued establishing an overpayment.
>
> If the PUA WBA was redetermined because the required wage documentation was not submitted within 21 calendar days, you may have your WBA redetermined upon submittal of the documentation prior to the end of the pandemic assistance period. Any higher weekly amount determined will be applied to all weeks for which your [sic] filed and for which you were eligible for the payment of DUA.

(C.R. at 85 (underscoring in original).)

Based upon the tax documentation Claimant submitted, the Board determined Claimant's net wages were $32,892 during the base year, as reflected on Claimant's 2019 Schedule C. (C.R. at 195-202; FOF ¶¶ 8, 10.) As there was no breakdown of wages by quarter, the Board divided the total net wages by four and allocated $8,223 per quarter. (C.R. at 197.) Using this quarterly wage, the Board determined

5

Claimant's rate of compensation was $324. *See id.*; 43 P.S. § 804(e)(1). We discern no error by the Board.

While Claimant asserts his gross wages were $55,000, the regulation does not permit consideration of gross wages. *See* 20 C.F.R. § 625.6(a)(1). To the extent Claimant argues he reasonably relied upon the initial Monetary Determination for the higher WBA, this is not a basis to reverse the Board's Order when the Monetary Redetermination was properly calculated. Furthermore, both the regulation and the Monetary Determination warn that a redetermination is possible. We are sympathetic to Claimant's situation, but we must nonetheless affirm the Board's Order.

_____
RENÉE COHN JUBELIRER, President Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Koruszko,                          :
                    Petitioner            :
                                          :
            v.                            :   No. 1504 C.D. 2024
                                          :
Unemployment Compensation Board           :
of Review,                                :
                    Respondent            :

# **O R D E R**

   **NOW**, April 8, 2026, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge